```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :    23cv7266 (DLC)
JAMIL GULMANN SHIHAB,                     :
                                          :           ORDER
                        Plaintiff,        :
                                          :
              -v-                         :
                                          :
SOURCE DIGITAL, INC., et al.,             :
                                          :
                        Defendants.       :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

On March 22, 2024, plaintiff Jamil Shihab ("Shihab") moved to file under seal certain exhibits attached to his memorandum of law in support of his motion for summary judgment. In his motion, Shihab noted that the documents were designated as "confidential" under the protective order in this action.

A party's description of information as confidential or highly confidential will not, by itself, be sufficient to support the redaction or sealing of the information. "[A] presumption of public interest attaches" to judicial documents. Olson v. Major League Baseball, 29 F.4th 59, 89 (2d Cir. 2022). The First Amendment "requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 141 (2d Cir. 2016) (citation omitted).

"[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Newsday LLC v. County of Nassau, 730 F.3d 156, 165 (2d Cir. 2013) (citation omitted). Accordingly, when making requests to redact or seal material, a party must include in a publicly filed letter any proposed findings that support the request. A document may not be sealed or redacted simply because it contains material that is captured by a confidentiality agreement, although that may be a relevant fact to mention in the application. Accordingly, it is hereby

ORDERED that the plaintiff shall re-submit his request to file the documents under seal. The request shall be made in a manner that is compliant with the Southern District of New York ECF Rules and Instructions and this Court's Individual Practices. The request shall also include proposed findings that support the request.

Dated:  New York, New York
        March 22, 2024

                                    _____
                                           DENISE COTE
                                    United States District Judge